ERICKSON *v.* CUMMER MANUFACTURING CO.

1. MASTER AND SERVANT — PERSONAL INJURIES — DEFECTIVE MACHINERY—WARNING.

  Negligence cannot be predicated on failure to instruct a servant that an appliance was frail and insufficient to protect him, where the fact was apparent to him and he did not rely upon its strength.

2. SAME—DEFECTIVE MACHINERY—NEGLIGENCE.

  The removal from a planer of a hood and blowpipe used to carry away dust and shavings is not negligent with respect to an operative hurt by contact with the planer knives, where there is no evidence that it was ever used for the protection of operatives.

3. SAME—ASSUMPTION OF RISK.

  By using the planer without the hood, the operative assumed the risk of injury therefrom.

Error to Wexford; Chittenden, J. Submitted April 5, 1905. (Docket No. 21.) Decided June 8, 1905.

Case by Arthur Erickson, by his next friend, against the Cummer Manufacturing Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Charles A. Withey* (*F. E. Wetmore,* of counsel ), for appellant.

*Crane & Norris* ( *E. Eugene Haskins,* of counsel ), for appellee.

HOOKER, J. The plaintiff, a young man about 18 years of age, lost his hand by getting it in contact with the knives of a pony planer which he was operating for the defendant. He brought this action to recover damages,

and counsel say in the brief that the defendant was negligent in the following particulars:

" (*a*) Failing to keep the planer in good repair, and have on it a good strong hood over the knives, and a blowpipe to carry away the dust and refuse, and using an improper machine for the work in hand, that often clogged and failed to carry the material through.

" (*b*) Failing to tell plaintiff that the guard put on the machine in place of the hood that used to be on it when plaintiff used it was weak and frail, and would not protect him from the knives, like the hood.

" (*c*) Using the planer without a cover over the knives, and without a blowpipe to carry away the dust and refuse.

" (*d*) Putting in place of the hood formerly on the machine a guard of tin, sheet iron, or other frail substance, which was of the same color as other iron, and as the other parts of the machine, and well calculated by its appearance to deceive the plaintiff.

" (*e*) Giving the plaintiff no warning of the frailness of the new appliance which had been substituted for the hood."

After hearing the testimony, the court directed a verdict for the defendant, and the plaintiff has appealed.

The plaintiff had worked at the planer on several occasions, and somewhat more frequently at a larger planer, which resembled it in its main features. Previous to the day of the accident this planer had been covered with a hood and blowpipe, attached by defendant after its purchase, to take away the chips and dust made by the machine. This was removed for the purpose of rearranging the machinery in the mill, and this planer had been moved. In place of the hood and blowpipe a sheet iron deflector had been riveted to the front of the planer, extending upward and over the rolls, for the purpose of turning the chips away from the operator, whose place was in front of the machine. At times, material in the planer would get stuck, when it was customary for the operator to go to the rear of the machine and pull the sticks through. It was in an attempt to do this that the plaintiff was hurt. He was unable to tell just how the accident happened, but said that he felt his hand hit the deflector, and simultaneously

his hand was in the knives. He did not know whether he slipped and fell or not. He did not say that he rested his hand upon the deflector or any other part of the machine. He said that he saw the knives, which were evidently in plain sight, and knew that he would get hurt if he got his hand in contact with them.

(a) There was no evidence that this planer was not in good repair, or that it was an improper machine for the work in hand, or that its clogging was due to any defect in the machine or fault of the defendant.

(b) There is no substance in the claim that the plaintiff should have been told that the sheet-iron deflector was weak and frail, and would not protect him from the knives as a hood would do, because (1) it was apparent, and the plaintiff must have known it; and (2) there is nothing to indicate that he relied upon its strength in any way. The testimony is quite as consistent with the theory that he slipped and fell against it, as that he placed his hand upon it as a brace to enable him to pull the stick out of the machine. It is perhaps quite as probable that he simply reached in too far and got his hand in the knives. There is no evidence in the case justifying a verdict that it was negligence to use this deflector.

(c) The same may be said regarding the absence of the hood and blowpipe. They were used for the purpose of removing the chips and dust, and for no other purpose; and there is no evidence that such was ever used for the protection of operators, or that planers are ever covered for such a purpose. Furthermore, the situation was apparent, and the plaintiff assumed the risk of using the machine as it was.

(d) We are able to say from the testimony and photographs that the deflector was not calculated to deceive the plaintiff, and, furthermore, that there is no evidence to support the theory that he was so deceived.

(e) This is but a repetition of the claim made in " b."

The judgment is affirmed.

CARPENTER, MCALVAY, GRANT, and MONTGOMERY, JJ., concurred.